THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, Respondent, v. STERLING G. HADLEY and OTHERS, State Assessors, Appellants.

*Board of State Assessors — appellate powers of, in reviewing town valuations.*

Upon an appeal under chapter 49 of 1876, to the Board of State Assessors from the decision of the board of supervisors in the equalization of assessments, it is the duty of the State Assessors to determine whether or not injustice has been done to the town so appealing, by comparing its assessed valuation with that of *all* the other towns of said county: a decision of the State Assessors that injustice has been done to the appealing town, as compared with *some* of the other towns of the county, is unauthorized by the act, and of no effect.

The State Assessors are to examine into and compare the valuations in the several different towns with each other, only to ascertain to the valuations of what towns the amount deducted from that of the appealing town should be added.

The State Assessors can only direct what amount shall be deducted from the assessed valuation of the town so appealing, and to the valuation of what town it shall be added; they have no power to decide how much the tax levied and collected on the excessive valuation amounts to, and direct such amount to be collected from certain specified towns.

*Semble*, that the appellate power of the State Assessors is limited to the equalization of the valuations of the real estate, and does not extend to the assessments for personal property.

APPEAL from a judgment of the Supreme Court, reversing the decision of the State Assessors, rendered by them on an appeal, by the supervisor of Yonkers, from the equalization of assessments for the year 1876, by the board of supervisors of Westchester.

The judgment appealed from was rendered at Special Term, on a hearing had upon a writ of *certiorari*, and the return of the State Assessors thereto.

*Ralph E. Prime*, for the appellants.

*Wm. Romer*, for the respondent.

BARNARD, P. J.:

The question presented in this case is whether the Board of State Assessors had power to make the decision brought up for

review by the *certiorari*. Their powers, upon appeals from the decisions of boards of supervisors in the equalization of assessments, are all conferred by and embraced in the third section of chapter 49 of Laws of 1876, as follows :

" On every such hearing or trial the evidence shall in part relate to the assessment and full and true value of real and personal property, and the said State Assessors shall determine whether or not injustice has been done to the town, ward or city so appealing, in the equalization of real and personal property assessed therein, as compared with the other wards, towns or cities of said county, and shall determine whether any, and if any, what deductions ought to be made from the aggregate corrected valuation of said real and personal property, as made by the board of supervisors, and shall also determine to what town or towns, ward or wards, city or cities, in such county, said deductions, if any, shall be added, and shall certify their determination in writing to said board of supervisors, and forward the same by mail within ten days thereafter to the clerk of said board of supervisors, directed to him at his post-office address." On receiving such certificate, it becomes the duty of the board of supervisors in the assessment and collection of the taxes of the next following years to credit such town or city with the amount of taxes levied from it, on such excess of valuation, and the same shall be levied and collected from the other towns and cities of the county. (Laws of 1859, chap. 312, § 13.)

In the decision of the State Assessors in the present case, they find and certify that the board of supervisors " did equalize the value of real estate of said city of Yonkers, in said county, at an excess of $973,717 above its proportional value, as compared with *some* of the towns of said county." It was the duty of the State Assessors to compare the valuation of Yonkers with the valuation of *all* the other towns of the county, and to determine in that way whether injustice had been done to the appellant town. Instead of doing so, they have based their determination upon a comparison of the valuation of Yonkers with only eleven of the twenty-one other towns in the county.

It is impossible for this court to determine whether this error has or has not led to an unjust result. It is sufficient for the

determination of this case, that the decision of the assessors is one which they had no jurisdiction to make.   The duty of the State Assessors, in a case of this kind, is, first, to compare the assessed valuation of the town appealing with the assessed valuation of all the other towns in the county, and, by such comparison, determine whether injustice has been done to the town appealing, and what deduction, if any, should be made from the valuations of such town.   Where, as appears to have been the case in the present instance, there is a great inequality in the assessment of the different towns, some being assessed at less than forty per cent of the true value, and others at varying rates, up to one hundred per cent, it is manifest that no just or fair result can be attained by merely comparing the town appealing with a selected part only of the remaining towns.   It was proper for the State Assessors to examine into and compare the valuations in the different towns with each other, but only for the purpose of ascertaining to what towns the amount deducted from the appealing town should be added.   If, as between the other towns (apart from the town appealing), some were assessed too high and others too low, that would be a proper matter for the State Assessors to consider in determining to what towns the amount deducted from the appealing town should be added; but such a comparison is not proper in determining whether the appellant town has suffered injustice and the amount of the deduction, if any, to be made on the valuation of such town.

The decision of the State Assessors, in the present case, also contains another equally fatal defect. · Instead of determining, as directed by the statutes, to what towns the amount deducted from the valuation of Yonkers should be added, the State Assessors have undertaken to decide how much the tax levied and collected on the excessive valuation of Yonkers amounted to, and to direct that the amount of such tax be divided among and collected from certain towns as specified in the decision.   They had no power to decide how much tax has been collected on the excessive valuations, or to give any direction for the crediting of the amount to Yonkers, or the collection thereof from other towns; they were merely to decide how much, if anything, should be deducted from the valuation of Yonkers, and to what towns, and in what sums

to each the amount of such deductions should be added. The further steps, to carry into effect the decision of the State Assessors, were for the board of supervisors to take, as directed by the act of 1859 above referred to.

The question is presented in this case as to whether, on appeals to the State Assessors in equalization cases, they are to take the assessment of personal estate, as made by the local assessors, or whether they have the same power over assessments for personal as for real estate. I am of the opinion that inasmuch as the board of supervisors are limited to the valuations of real estate in making equalizations, the State Assessors having only an appellate power are equally restricted, notwithstanding that the act of 1876 above cited directs them to inquire into the valuation of real *and* *personal* estate; but without further considering this point, I am of the opinion that, because the decision of the State Assessors was not such as the law authorized them to make, the judgment appealed from reversing their decision should be affirmed.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order affirmed.